UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN ALLEN BIERMAN,

    Petitioner,

v.                                                                   CASE NO. 6:14-cv-1473-Orl-37GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on an amended petition for writ of habeas corpus ("Amended Petition") filed pursuant to 28 U.S.C. § 2254 (Doc. 10). Thereafter, Respondents filed a response to the Amended Petition (Doc. 13). Petitioner filed a reply to the response (Doc. 17) and a supplemental reply (Doc. 22).

Petitioner alleges two claims for relief in the Amended Petition. For the following reasons, the Amended Petition is denied.

I.     PROCEDURAL HISTORY

Petitioner was charged in state court case number 05-2012-CF-043149 with dealing in stolen property (count one), giving false verification of ownership (count two), and grand theft (count three) (Doc. 13-1 at 5). Petitioner was charged in state court case number 05-2012-CF-043431 with burglary of a dwelling (count one) and grand theft (count two). *Id.* at 2, 5. In state court case number 05-2012-CF-043811, Petitioner was charged with burglary of a dwelling (count one) and grand theft (count two). *Id.* at 10. Petitioner entered

into a negotiated guilty plea for all three cases in exchange for a twenty-year total sentence. *Id.* at 15-17, 29. The State also agreed to enter a nolle prosequi with regard to count three of case number 05-2012-CF-043149. *Id.* at 46. The trial court sentenced Petitioner to twenty-year terms of imprisonment for count one in each case as a habitual felony offender and to five-year terms of imprisonment for count two in each case. *Id.* at 49-50, 58-72. Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. *Id.* at 94.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. *Id.* at 98-122. The trial court summarily denied the motion. *Id.* at 124-29. Petitioner appealed, and the Fifth DCA affirmed *per curiam* (Doc. 13-2 at 9). Petitioner subsequently filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. *Id.* at 44-57. The trial court denied the motion. *Id.* at 59-60. Petitioner appealed, and the Fifth DCA affirmed *per curiam*. *See Bierman v. State*, 160 So. 3d 452 (Fla. 5th DCA 2015) (table).

## II.   LEGAL STANDARDS

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

3

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.  Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989). In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985),

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

the Supreme Court of the United States held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.  ANALYSIS

**A.  Claim One**

Petitioner alleges trial counsel was ineffective for failing to file a motion to dismiss the information in each of his state court criminal cases (Doc. 10 at 3-4). In support of this claim, Petitioner asserts that the State failed to "comply with 3.140(g) Florida rules of criminal procedure [and] § 27.04 Florida Statute (2012) by failing to take testimony under oath from a material witness. . . ." *Id.* at 3. Petitioner raised this claim in his Rule 3.850 motion, and the trial court summarily denied the claim, concluding there was no basis to

5

object to the information and finding any defect in the information was waived when Petitioner entered his plea (Doc. 13-1 at 126). The Fifth DCA affirmed *per curiam* (Doc. 13-2 at 9).

> Florida Rule of Criminal Procedure 3.140(g) provides the following:
>
> An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense . . . No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.

The charging documents filed in the state court provide: "I hereby state under oath that I am instituting this prosecution in good faith, and I certify that I have received testimony under oath from the material witness or witnesses for the offense(s)" (Doc. 13-1 at 5, 10). Furthermore, the charging documents are signed and sworn. *Id.*

Petitioner has not presented any information or evidence indicating that the Assistant State Attorney failed to comply with Rule 3.140(g). Therefore, counsel has no basis to object to the charging documents in this case. Moreover, the Court notes that had counsel objected, the State would have been entitled to re-file the information with sworn statements from the victims because the defect was one of form and not one of substance. *See Hedglin v. State*, 892 So. 2d 1183, 1184 (Fla. 5th DCA 2005) (citing *Alba v. State*, 541 So. 2d 747, 748 (Fla. 3d DCA 1989) (holding that while a criminal defendant was entitled to dismissal of the information because it was unsworn, the defendant was not entitled to release from the charges because the defect is only one of form and not of substance)).

Thus, Petitioner cannot demonstrate that counsel's failure to object to the charging documents resulted in prejudice.

The state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, claim one is denied pursuant to § 2254(d).

**B.    Claim Two**

Petitioner contends trial counsel was ineffective for failing to (1) participate in the discovery process, (2) conduct depositions, (3) prepare a defense for trial, and (4) "let petitioner face [his] accuser at depositions for trial process" (Doc. 10 at 9). Petitioner asserts that counsel's failure to prepare for trial resulted in the entry of an involuntary plea. *Id.* at 12. In his reply, Petitioner contends that trial counsel was ineffective for failing to provide him with copies of discovery documents (Doc. 17 at 19).

Petitioner raised these claims in his Rule 3.850 motion, and the trial court denied them, concluding Petitioner was precluded from raising the claims because it was an improper attempt to "go behind the plea" (Doc. 13-1 at 126). The trial court reasoned that Petitioner could not challenge counsel's actions prior to the entry of his plea because Petitioner was advised of the rights he was giving up, and Petitioner indicated that he wished to give up those rights. *Id.* at 127. The Fifth DCA affirmed *per curiam* (Doc. 13-2 at 9).

As an initial matter, the Court concludes that Petitioner's claim is vague and conclusory. He has not alleged what depositions were necessary, what defense could

7

have been prepared for trial, or how counsel failed to "participate in the discovery process." Petitioner merely speculates that additional investigation and discovery could or should have been done in his case. Petitioner's assertions are unsubstantiated, speculative, and will not sustain a claim of ineffective assistance of counsel. *See Tejeda v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating vague, conclusory, speculative and unsupported claims cannot support relief for ineffective assistance of counsel).

Moreover, Petitioner has not shown that his plea was involuntary. During the plea colloquy, Petitioner stated that he had read the plea agreement and discussed it with his attorney (Doc. 13-1 at 14). Petitioner stated that he was satisfied with counsel's services. *Id.* at 15. The trial court advised Petitioner of the charges and the potential sentences he faced. *Id.* at 15-18. Petitioner stated that he was not threatened, coerced, or forced to enter the plea. *Id.* at 18-19. Petitioner advised the court that he was entering the plea freely and voluntarily after discussing the matter with his attorney. *Id.* at 19. Petitioner stated he understood the rights he was giving up, which included the right to a jury trial, to compel and confront witnesses, to present a defense, to testify on his own behalf, and to file motions. *Id.* at 22-23.

During the sentencing proceeding, Petitioner complained that his plea was involuntarily entered. *Id.* at 38-42. Petitioner stated he felt the entry of the plea was a "split-second decision" and he could not go to trial "with no defense." *Id.* at 42. The trial court noted that Petitioner had the opportunity to speak up before the entry of his plea or to decide to take his chances at trial, however, he chose to enter the plea. *Id.* at 42-43.

Petitioner's representations to the trial court are presumed true, and he has not demonstrated any basis for the Court to overlook or disregard his statements. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (stating "the representations of the defendant . . . [at a plea proceeding] constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). There is no indication that the plea was unknowingly or involuntarily entered. The record reflects that Petitioner made an intelligent choice to voluntarily enter a plea after consideration of the alternative courses of action. *See Hill*, 474 U.S. at 56; *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) ("a reviewing federal court may set aside a . . . guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of his guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.").[2]

---

[2] To the extent Petitioner argues for the first time in his reply that trial counsel was ineffective for failing to advise him that he could be subject to sentence enhancements, his claim fails (Doc. 17 at 14). The trial court stated during the plea colloquy that Petitioner faced a potential thirty-year sentence as a habitual felony offender with a fifteen-year minimum mandatory term as a prison releasee reoffender (Doc. 13-1 at 16-17). Petitioner stated that he understood his potential sentence. *Id.* at 17-18. At no point did Petitioner state that counsel had failed to advise him regarding the possible sentence enhancements. Petitioner's statements are presumed true, and he has not shown that the Court should overlook those statements. *Blackledge*, 431 U.S. at 73-74. Petitioner has not demonstrated deficient performance or prejudice because he cannot shown that but for counsel's actions, he would not have entered the plea and instead would have gone to trial. This claim is denied.

Petitioner also claims that counsel failed to provide him with copies of his discovery. The record reflects that on January 3, 2013, after Petitioner entered his plea, counsel advised Petitioner that to receive a "personal set of the discovery" he had to pay for the documents (Doc. 1-1 at 9). Counsel again advised Petitioner regarding this matter on April 16, 2013. *Id.* at 10. Counsel stated that Petitioner could pay for a copy of the discovery or his appellate counsel could request the discovery. *Id.*

Florida law provides that "[f]iles prepared and maintained by an attorney for the purpose of representing a client are the attorney's personal property." *Potts v. State*, 869 So. 2d 1223, 1225 (Fla. 2d DCA 2004) (citation omitted). However, a criminal defendant is entitled to "receive from his former counsel, at no cost to petitioner, any and all trial and hearing transcripts, copies of motions, and any state discovery presented to defense counsel." *Smith v. State*, 889 So. 2d 1009, 1010 (Fla. 3dDCA 2004).

Petitioner has arguably demonstrated that counsel's failure to provide him with copies of his discovery free of charge amounts to deficient performance. Nevertheless, Petitioner cannot demonstrate prejudice. Petitioner has not stated what documents he wished to review or how any of the discovery information would have resulted in a change in his decision to plead guilty. Petitioner faced a thirty-year sentence as a habitual felony offender in each case (Doc. 13-1 at 16). Petitioner also admitted to police that he committed the crimes. *Id.* at 21-22. Even assuming counsel's actions were deficient, Petitioner cannot show that he would not have entered the plea and instead would have gone to trial. *See Hill*, 474 U.S. at 58.

The state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, claim two is denied pursuant to § 2254(d).[3]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

---

[3] To the extent Petitioner claims that the trial court should have held a *Richardson* hearing, the Court notes that this claim is without merit (Doc. 1 at 10-11). In *Richardson v. State*, 246 So. 2d 771 (Fla. 1971), the court held a trial court must conduct an inquiry when a discovery violation occurs to determine whether the violation was (1) willful or inadvertent, (2) substantial or trivial, and (3) had a prejudicial effect on the aggrieved party's trial preparation. This procedure is used when one party fails to turn over discovery to another party. This rule does not apply to counsel's alleged failure to give Petitioner documents from his case file.

11

correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus filed by John Allen Bierman (Doc. 10) is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close the case.

**DONE AND ORDERED** in Orlando, Florida, this 22nd day of June, 2016.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 6/22
Counsel of Record
John Allen Bierman